Bv The Court :
The statute which is said to confer a right of action upon the plaintiff in view of the facts alleged in the petition is in substance as follows (Section 4426-1) : “That all persons within the jurisdiction of said state shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of inns, restaurants, eating-houses, barber shops, public conveyances on land or water, theaters and all other places of public accommodation and amusement, subject only to the' conditions and limi *391 tations established by law and applicable alike to all citizens.” The following section provides for the recovery of a penalty of $500 by one against whom a discrimination is made in violation of the provision quoted.
The view presented by plaintiff’s counsel is that, although a place where intoxicating liquors are sold at retail is not specifically named in the statute, it is within the meaning of the phrase: “All other places of public accommodation and amusement.” This view is much discouraged by the dissimilarity between a place where intoxicating liquors are sold at retail and those which the statute specifically designates. It seems to be completely refuted by other considerations. Our constitution contains the provision that, “No license to traffic in intoxicating liquors shall hereafter be granted in this state; but the general assembly may by law provide against evils resulting therefrom.” The statutes which lay a tax upon the traffic are founded upon this provision of the constitution. They assume that the traffic is an evil, and they seek to discourage and restrict it. By other statutes sales to minors or to persons intoxicated or in the habit of becoming intoxicated, are forbidden under penalties, and rights of action are given for causing intoxication by sales unlawfully made. To all such persons by clear provision of the statute the vendor sells at his peril. We should not infer a condition which places him in peril when he refuses to sell to any one; nor should we interpret this statute as encouraging a traffic which the clearly defined policy of the state discourages.

Judgment affirmed.